# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 15-0284V
### Filed: May 31, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| MALISSA AJETI, | * | |
| | * | |
| Petitioner, | * | Joint Stipulation on Damages; |
| v. | * | Influenza ("flu") Vaccine; Guillain-Barré |
| | * | Syndrome ("GBS"); Special Processing |
| SECRETARY OF HEALTH | * | Unit ("SPU") |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Edward M. Kraus, Law Offices of Chicago Kent, Chicago, IL, for petitioner.*
*Traci R. Patton, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON JOINT STIPULATION[1]

**Dorsey**, Chief Special Master:

On March 19, 2015, Malissa Ajeti ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccination she received on October 22, 2012. Petition at 1; Stipulation, filed May 27, 2016, at ¶¶ 2, 4. Petitioner further alleges that she received the vaccination in the United States, that she has suffered the effects of her injury for more than six months, and that she has not received compensation for her vaccine-related injury. Pet. at ¶¶ 44, 45; *see also* Stip. at ¶¶ 3, 4, 5. Respondent denies that the influenza vaccine is the cause of petitioner's alleged GBS, or any other injury or condition. Stip. at ¶ 6.

Nevertheless, on May 27, 2016, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. The undersigned

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

(1) **A lump sum of $541,705.24, which represents compensation for first year life care expenses ($19,391.52), lost earnings ($333,043.84), pain and suffering ($183,392.31), and past unreimbursable expenses ($5,877.57), in the form of a check payable to petitioner, Malissa Ajeti; and**

(2) **An amount sufficient to purchase the annuity contract described in paragraph 10 of the stipulation, paid to the life insurance company from which the annuity will be purchased.**

The undersigned approves the requested amount for petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| MALISSA AJETI, )<br>)<br>            Petitioner, )<br>)<br>v.                            )<br>)<br>SECRETARY OF HEALTH AND HUMAN )<br>SERVICES, )<br>)<br>            Respondent. )<br>) | No. 15-284V<br>Chief Special Master Dorsey<br>ECF |

**STIPULATION**

The parties hereby stipulate to the following matters:

1. Malissa Ajeti ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received the flu vaccine on October 22, 2012.

3. The vaccination was administered within the United States.

4. Petitioner alleges that the vaccine caused her to develop Guillain-Barre Syndrome ("GBS") and that she experienced residual effects of her injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6. Respondent denies that the flu vaccine is the cause of petitioner's alleged GBS, or any other injury or condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a. A lump sum of $541,705.24, which amount represents compensation for first year life care expenses ($19,391.52), lost earnings ($333,043.84), pain and suffering ($183,392.31), and past unreimbursable expenses ($5,877.57) in the form of a check payable to petitioner; and

b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").[1]

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, Malissa Ajeti, pursuant to which

2

the Life Insurance Company will agree to make payments periodically to petitioner as follows:

a. For future unreimbursable Medicare Part B Premium and Medigap Plan C expenses, beginning on the first anniversary of the date of judgment, an annual amount of $3,360.36 to be paid for the remainder of petitioner's life, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

b. For future unreimbursable Hand Held Shower, Shower Transfer Bench, Raised Toilet Seat, Lift Chair, Grab Bar, Bed Cane, Kitchen Supplies/Utensil, Lighted Cane, Replacement Light Bulb, Life Line, and Hand Control expenses, beginning on the first anniversary of the date of judgment, an annual amount of $599.22 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

c. For future unreimbursable Depends expenses, beginning on the first anniversary of the date of judgment, an annual amount of $849.90 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

d. For future unreimbursable Scooter, Scooter Battery, Scooter Maintenance, and Scooter Lift expenses, on the anniversary of the date of judgment in year 2019, a lump sum of $3,520.63. Thereafter, beginning on the anniversary of the date of judgment in year 2020, an annual amount of $641.49 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

e. For future unreimbursable Health Club Membership expenses, beginning on the first anniversary of the date of judgment, an annual amount of $408.00 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

f. For future unreimbursable Home Health Care expenses, beginning on the first anniversary of the date of judgment, an annual amount of $11,232.00 to be paid up to the anniversary of the date of judgment in year 2020. Thereafter, beginning on the anniversary of the date of judgment in year 2020, an annual amount of $18,720.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set

forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual or other

---

[1] Notwithstanding references herein to "the Life Insurance Company" or "the annuity contract," to satisfy the conditions set forth herein, in respondent's sole and absolute discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

installments. The "annual amounts" set forth above describe only the total yearly sum to be paid
to petitioner and do not require that the payment be made in one annual installment. Petitioner
will continue to receive the annuity payments from the Life Insurance Company only so long as
petitioner, Malissa Ajeti, is alive at the time that a particular payment is due. Written notice shall
be provided to the Secretary of Health and Human Services and the Life Insurance Company
within twenty (20) days of petitioner's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health
and Human Services and will be purchased as soon as practicable following the entry of a
judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary
of Health and Human Services and the United States of America are not responsible for the
payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts
awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the
future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and
Human Services and the United States of America are released from any and all obligations with
respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and
after petitioner has filed both a proper and timely election to receive compensation pursuant to
42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings
before the special master to award reasonable attorneys' fees and costs incurred in proceeding
upon this petition.

13. Petitioner and her attorney represent that they have identified to respondent all
known sources of payment for items or services for which the Program is not primarily liable
under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies,

4

Federal or State health benefits programs (other than Title XIX of the Social Security Act

(42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14.  Payments made pursuant to paragraph 8 and any amounts awarded pursuant to

paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i),

subject to the availability of sufficient statutory funds.

15.  The parties and their attorneys further agree and stipulate that, except for any award

for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided

pursuant to this Stipulation either immediately or as part of the annuity contract, will be used

solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-

15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16.  In return for the payments described in paragraphs 8 and 12, petitioner, in her

individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns,

does forever irrevocably and unconditionally release, acquit and discharge the United States and

the Secretary of Health and Human Services from any and all actions or causes of action

(including agreements, judgments, claims, damages, loss of services, expenses and all demands

of whatever kind or nature) that have been brought, could have been brought, or could be timely

brought in the Court of Federal Claims, under the National Vaccine Injury Compensation

Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all

known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting

from, or alleged to have resulted from, the influenza vaccination administered on October 22,

2012, as alleged by petitioner in a petition for vaccine compensation filed on or about March 19,

2015 in the United States Court of Federal Claims as petition No. 15-284V.

5

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the influenza vaccine caused petitioner's GBS or any other injury.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

6

Respectfully submitted,

**PETITIONER:**

_Malissa Ajeti_
MALISSA AJETI

**ATTORNEY OF RECORD FOR
PETITIONER:**

_Edward Kraus_
EDWARD KRAUS, ESQ.
Law Offices, Chicago Kent College of Law
565 W. Adams Street, Suite 600
Chicago, Illinois 60661
Tel: (312) 906-5072

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

_Vincent J. Matanoski_
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

_Narayan Nair_
NARAYAN NAIR, M.D.
Acting Director, Division of Injury
   Compensation Programs (DICP)
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

_Traci R. Patton_
TRACI R. PATTON
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 353-1589

Dated: May 27, 2016

7